**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CLARENDON AMERICA INSURANCE COMPANY,**
                **Plaintiff,**

**-vs-**                                                    **Case No. 6:06-cv-819-Orl-18JGG**

**KRISHNA ASSOCIATES OF TITUSVILLE, INC. d/b/a Days Inn Titusville,**
**CINDY SOKOLOFF,**
                **Defendants.**

_____

## **ORDER**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**   **PLAINTIFF'S MOTION FOR DEFAULT (Doc. No. 16)**
>
> **FILED:**     **November 14, 2006**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

On June 16, 2006, Plaintiff Clarendon American Insurance Company ["Clarendon"] filed its complaint in this action, seeking a declaratory judgment regarding its obligations under an insurance contract issued to Defendant Krishna Associates of Titusville, Inc. d/b/a Days Inn Titusville ["Days Inn"], a Florida corporation. Docket No. 1 at 2, ¶ 6. Plaintiff claims that it effected service on Days Inn by serving a copy of the summons and complaint on the Florida Secretary of State on October 3, 2006. Docket Nos. 14, 16. Days Inn has not answered or responded to the complaint, and has not otherwise appeared in this action. Plaintiff now moves for entry of Clerk's default. Docket No. 16.


**I.     THE LAW**

Rule 4(h) of the Federal Rules of Civil Procedure provides that service of process of the summons and complaint may be made on a corporation by: 1.) delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant; or 2.) in the manner prescribed by Rule 4(e)(1), which allows for service pursuant to state law in which the district court is located or in which service is effected.

Florida law provides that process against any private corporation may be served upon the registered agent (Fla. Stat. § 48.091) or by service:

> (a) On the president or vice president, or other head of the corporation;
>
> (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
>
> (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
>
> (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.

Fla. Stat. § 48.081. For service of process on an agent or employee of a corporation to be effective, the return of service must show the absence of the "statutorily prescribed superior classes of persons who may be served." *Saridis v. Vista St. Lucie Ass'n, Inc.*, 804 So.2d 372, 373 (Fla. App. 4 Dist., 2001).

A foreign corporation or a Florida resident who subsequently becomes a nonresident or conceals his whereabouts has accepted the privilege of engaging in a business in Florida, and therefore appoints the secretary of state (of the Florida Division of Corporations) as an agent on whom all process may be served. Fla. Stat. § 48.181(1). Therefore, substituted service may be made on the secretary of state as the agent of the corporation or person with: 1.) notice by registered or certified mail to the defendant outside Florida; or 2.) service personally to the defendant outside Florida by a public officer authorized to make service by Florida or by the state where service is made. Fla. Stat. § 48.161(1).

### III.    APPLICATION

On October 20, 2006, prior to filing the motion for default, Plaintiff filed proof of service on the secretary of state, which states that "[p]ursuant to Chapter 48.181, Florida Statutes, a copy of the process and initial pleading, case number 6:06-cv-819-ORL, was accepted for [Days Inn], and was filed on October 3, 2006, at 04:00 PM." Docket No. 14 at 1. On the same day, Plaintiff filed a response to a show cause order entered by the Honorable G. Kendall Sharp as to why the case should not be dismissed for failure to serve Days Inn pursuant to Federal Rule of Civil Procedure 4(m). Docket Nos.13, 15. In its response, Plaintiff stated that it attempted to serve Days Inn at its place of business and the location of its registered agent on June 27, 2006. According to Plaintiff, "[t]he process server was advised that the business had been sold and that neither the registered agent nor any of the employees of the original entity were found at that address." *Id.* at 2. Plaintiff states that it then attempted to serve, but could not locate, the registered agent in Tampa, Florida. *Id.* Further, according to Plaintiff, "attempts to serve the registered agent or any of the principals of the Defendant

in Louisiana were to no avail." *Id.* Plaintiff therefore served the secretary of state on October 3, 2006. *Id.*

In the motion for Clerk's default, Plaintiff merely states that Days Inn was served with a summons and complaint on October 3, 2006, and that Days Inn has failed to plead or otherwise appear as required by Federal Rule of Civil Procedure 12. Docket No. 16 at 1. Plaintiff makes no other argument, and did not attach or incorporate by reference a copy of the Return of Service or any other document in the record (other than a proposed order on the motion). *See id.* Plaintiff failed to submit affidavits or even provide specific dates or details (in both the motion for default and its response to the show cause order) of its attempts to serve Days Inn in Tampa, Florida or Louisiana. Further, Plaintiff did not submit affidavits, documentation, or any specific details of the sale of the Days Inn "business." *See* Docket No. 15 at 2.

Even assuming that Plaintiff made a sufficient showing as to the absence of statutorily prescribed superior classes of persons who may be served, Plaintiff did not comply with the requirements for substituted service upon the secretary of state. *See* Fla. Stat. § 48.161(1). Accordingly, Plaintiff's Motion for Default [Docket No. 15] is **DENIED** without prejudice.

**DONE** and **ORDERED** in Orlando, Florida on December 20, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties